[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #128 OBJECTION TO REQUEST FOR PHYSICAL EXAMINATION 
By way of a pleading dated July 13, 2001 and filed with the Clerk of the Court on July 16, 2001, the Defendant in the above entitled matter requested that the plaintiff submit to a physical examination with James CT Page 13308 O'Donaldson, M.D. of the Department of Neurology, University of Connecticut Health Center, Farmington CT, on Tuesday, August 21, 2001 at 1:00 p.m.
On July 26, 2001, the Plaintiff filed an Objection to the Request for a Physical Examination. Said objection provided in pertinent part that:
 Pursuant to Practice Book § 13-11, the plaintiff objects to the defendants' Request for Physical Examination dated July 13, 2001 by Dr. James O'Donaldson. Practice Book § 13-11 provides that "no plaintiff shall be compelled to undergo a physical examination by a physician to whom he objects in writing". The plaintiff hereby objects to being examined by Dr. O'Donaldson.
Section 13-11 of the Practice Book concerns physical examinations. Subsection 13-11 (b) of the Practice Book provides as follows:
 (b) In the case of an action to recover damages for personal injuries, any party adverse to the plaintiff may file and serve in accordance with Sections 10-12
through 10-17 a request that the plaintiff submit to a physical or mental examination at the expense of the requesting party. That request shall specify the time, place, manner, conditions and scope of the examination and the person or persons by whom it is to be made. Any such request shall be complied with by the plaintiff unless, within ten days from the filing of the request, the plaintiff files in writing an objection thereto specifying to which portions of said request objection is made and the reasons for said objection. The objection shall be placed on the short calendar list upon the filing thereof The judicial authority may make such order as is just in connection with the request. No plaintiff shall be compelled to undergo a physical examination by any physician to whom he or she objects in writing. (emphasis added)
Since the Plaintiff filed its objection to the Defendant's Request for Physical Examination before July 27, 2001, said pleading was filed within the time period required by the Practice Book.
This Court agrees with the well reasoned and comprehensive decision of Judge Blue tin Privee v. Burns, No. 395074 (Jun. 1, 1999), 1999 Ct. Sup. CT Page 13309 7650. The Court in Privee came to the conclusion that "The plaintiff has an unconditional statutory right to object to "any physician'." Id at 7675.
Whereas, this Court adopts the rationale of the Court in Privee, it therefore reaches the same conclusion, i.e., that the Plaintiff has an unconditional statutory right to object to any physician. The Plaintiff's Objection to the Request for Physical Examination is sustained. So ordered.
Richard A. Robinson, J